**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| KATELYN HANKS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:18-cv-01204-M |
| CINDI'S RESTAURANT | § | |
| CORPORATION And PFNW, LTD. | § | |
|     Defendants. | § | |
| | § | |

**DEFENDANT CINDI'S RESTAURANT CORPORATION'S
ORIGINAL ANSWER**

Defendant Cindi's Restaurant Corporation ("Cindi's") hereby files its Original Answer to Plaintiff Katelyn Hanks's ("Plaintiff" or "Hanks") Complaint (the "Complaint") [ECF No. 1], and in support thereof would show as follows:

**JURISDICTION**

1.      Cindi's admits that this Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.  Cindi's denies that portion of Paragraph 1 wherein Hanks alleges that Cindi's failed to remove physical barriers to access and violations of Title III of the Americans with Disabilities Act (the "ADA").

**PARTIES**

2.      Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

3.      Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

4.      Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5.      Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.      Cindi's admits the allegations contained in Paragraph 7 of the Complaint.

8.      Cindi's admits the allegations contained in Paragraph 8 of the Complaint.

9.      Cindi's admits the allegations contained in Paragraph 9 of the Complaint.

10.     Cindi's admits the allegations contained in Paragraph 10 of the Complaint.

11.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

## FACTUAL ALLEGATIONS

12.     There is no paragraph 12 in the Complaint.

13.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.     Cindi's admits the allegations contained in Paragraph 14 of the Complaint.

15.     Cindi's admits the allegations contained in Paragraph 15 of the Complaint.

16.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17.     Cindi's denies the allegations contained in Paragraph 17 of the Complaint.

18.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore denies them.

19.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21.     Cindi's admits the allegations contained in Paragraph 21 of the Complaint.

22.     Cindi's admits the allegations contained in Paragraph 22 of the Complaint, with the exception of subparagraph 22(i).  Cindi's denies that this finding appears in 42 USC § 12101.

23.     Cindi's admits the allegations contained in Paragraph 23 of the Complaint.

24.     Cindi's admits the allegations contained in Paragraph 24 of the Complaint.

25.     Cindi's admits the allegations contained in Paragraph 25 of the Complaint.

26.     Cindi's admits the allegations contained in Paragraph 26 of the Complaint.

27.     Cindi's admits the allegations contained in Paragraph 27 of the Complaint.

28.     Cindi's admits the allegations contained in Paragraph 28 of the Complaint.

29.     Cindi's admits the allegations contained in Paragraph 29 of the Complaint.

30.     Cindi's denies the allegations contained in Paragraph 30 of the Complaint.

31.     Cindi's denies the allegations contained in Paragraph 31 of the Complaint.

32.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint, and therefore denies them.

33.     Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint, and therefore denies them.

34.     Cindi's denies the allegations contained in Paragraph 34 of the Complaint.

35.     Cindi's denies the allegations contained in Paragraph 35 of the Complaint.

36.     Cindi's denies the allegations contained in Paragraph 36 of the Complaint.

37.    Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint, and therefore denies them.

38.    Cindi's denies the allegations contained in Paragraph 38 of the Complaint.

39.    Cindi's denies that portion of Paragraph 39 of the Complaint alleging that there are "physical barriers, dangerous conditions and ADA violations."  Cindi's is without knowledge or information sufficient as to the rest of the allegations contained in Paragraph 39 and therefore denies them.

40.    Cindi's denies that portion of Paragraph 40 of the Complaint alleging that there are "violations."  Cindi's is without knowledge or information sufficient as to the rest of the allegations contained in Paragraph 40 and therefore denies them.

41.    Cindi's denies that portion of Paragraph 41 of the Complaint alleging that there are "physical barriers and dangerous conditions."  Cindi's is without knowledge or information sufficient as to the rest of the allegations contained in Paragraph 41 and therefore denies them.

42.    Cindi's denies that portion of Paragraph 42 of the Complaint alleging that there are "physical barriers and dangerous conditions."  Cindi's is without knowledge or information sufficient as to the rest of the allegations contained in Paragraph 42 and therefore denies them.

43.    Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43 of the Complaint, and therefore denies them.

44.    Cindi's is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint, and therefore denies them.

45.    Cindi's denies the allegations contained in Paragraph 45 of the Complaint.

46.    Cindi's denies the allegations contained in Paragraph 46 of the Complaint.

47.    Cindi's denies the allegations contained in Paragraph 47 of the Complaint.

48.     Cindi's admits that 42 U.S.C. §§ 12188 and 12205 entitle a prevailing plaintiff to attorney's fees but denies that Plaintiff is entitled to recover fees in this case.

49.     Cindi's admits the allegations contained in Paragraph 49 of the Complaint.

50.     Cindi's denies that Plaintiff is entitled to the relief requested in parts (a)-(f) in the Prayer portion of the Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant Cindi's Restaurant Corporation requests that the Court deny Plaintiff the relief she seeks, dismiss Plaintiff's claims with prejudice, tax all costs against Plaintiff, and award Cindi's any further relief to which it is justly entitled.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**

/s/ *Elizabeth A. Fitch*
Leland C. de la Garza
State Bar No. 05646600
Elizabeth A. Fitch
Attorney-In-Charge
State Bar No. 24075777
1445 Ross Ave., Suite 2400
Dallas, Texas  75202
Telephone: (214) 922-4104
Facsimile:  (214) 922-4142
LdelaGarza@hallettperrin.com
efitch@hallettperrin.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on June 25, 2018, on all counsel of record via the court's ECF Filing System.

/s/ *Elizabeth A. Fitch*
Elizabeth A. Fitch